UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Kludt,                                                            Civil No. 17-4774 (JRT/FLN)

      Plaintiff,

v.

                                                             **REPORT AND**
Aitkin County Jail, et al.,                                    **RECOMMENDATION**

      Defendants.

Daniel Kludt, *pro se*, for Plaintiff.
Jason Hill, for Defendants.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendants' motion for judgment on the pleadings (ECF No. 6). For the reasons set forth below, the Court recommends that Defendants' motion be **GRANTED**.

## I. FINDINGS OF FACT

In late 2016, Plaintiff Daniel Kludt was an inmate at the Aitkin County Jail ("Jail") Compl., ECF No. 1. During his detention at the Jail, Plaintiff slipped and fell in the shower. *See id.* Before taking the shower, Plaintiff had requested a shower mat from a Jail guard for balance support. *See id.*

Sometime after his accident, Plaintiff was transferred to the Minnesota Correctional Facility ("MCF") in Rush City, Minnesota. On August 28, 2017, Plaintiff initiated this suit under 42 U.S.C. § 1983, in Aitkin County, Minnesota, District Court, seeking $50,000 in damages. *See id.* Plaintiff alleges that "the denial of [a] shower mat and other safety equipment promoted the slip and fall." *Id.* On October 23, 2017, Defendants (the Jail and Aitkin County) removed this suit to the District of Minnesota. *See* ECF No. 1.

On November 28, 2017, Defendants filed the instant motion, seeking judgement on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 6, 8. Defendants argue that they are entitled to judgment under Rule 12(c) because Plaintiff: (1) fails to raise a valid constitutional injury under 42 U.S.C. § 1983; (2) failed to properly complete service of process under the Federal and Minnesota Rules of Civil Procedure; and (3) the Jail is not subject to suit. *See* ECF No. 8 at 1. In moving for judgment on the pleadings, Defendants certified that they mailed a copy of the instant motion and supporting documents to Plaintiff at the MCF in Rush City, Minnesota. *See* ECF No. 11.

On February 13, 2018, Defendants notified the Court that Plaintiff had recently been transferred to the MCF in Fairbault, Minnesota. *See* ECF No. 13. Defendants represented that they were unable to verify whether their motion for judgment on the pleadings and supporting documents were received by Plaintiff. *See id.* On March 1, 2018, Defendants certified that they had served Plaintiff with a second copy of the instant motion at the MCF in Fairbault, Minnesota. *See* ECF No. 19. Plaintiff has not responded to the instant motion and the thirty-day period to do so has now passed. *See* ECF Nos. 5, 20.

## II. STANDARD OF REVIEW

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Poehl v. Countrywide Home Loans, Inc.*, 528 F.2d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)). "When considering a motion for judgment on the pleadings . . . the court generally must ignore materials

outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The "court may consider '. . . items appearing in the record of the case.'" *Id.* (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 299 (1990)). The court "reviews . . . 12(c) motion[s] under the standard that governs 12(b)(6) motions" to dismiss. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990); *see also St. Paul Ramsey Cnty. Med. Ctr. v. Pennington County*, 857 F.2d 1185, 1187 (8th Cir. 1988).

For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *See In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *See In re Navarre Corp. Sec. Litig.*, 299 F.3d at 738. Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

To avoid dismissal under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a

claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

### III. CONCLUSIONS OF LAW

"Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "However, a municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom." *Id.*; *see also Angarita v. St. Louis County*, 981 F.2d 1537, 1546 (8th Cir. 1992). "For a municipality to be liable, a plaintiff must prove that the municipal policy or custom was the 'moving force behind a constitutional violation.'" *Id.* (quoting *Monell v. Dept. of Social Serv. of the City of New York*, 436 U.S. 658, 694 (1978)). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). "[L]ack of a pattern of unconstitutional misconduct effectively ends [the court's] inquiry." *Thelma D. v. Board of Educ. Of City of St. Louis*, 934 F.2d 929, 933 (8th Cir. 1991).

"For [Defendants] to be held liable on the basis of custom, there must have been a pattern of 'persistent and widespread' unconstitutional practices which became so 'permanent and well settled' as to have the effect and force of law." *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 645

(8th Cir.1990) (quoting *Monell*, 436 U.S. at 691). "[T]o establish the existence of a governmental custom or failure to receive, investigate, or act on complaints of violations of constitutional rights, a plaintiff must prove:

> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> (3) Th[e] plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, i.e., [proof] that the custom was the moving force behind the constitutional violation.

*Mettler*, 165 F.3d at 1204.

Here, Plaintiff, claims that he slipped and fell in the Jail shower, suffering a back injury, after requesting a shower mat from a Jail guard in violation of 42 U.S.C. § 1983. *See* ECF No. 1. Construing Plaintiff's Complaint liberally, and affording Plaintiff all reasonable inferences to be drawn from those pleaded facts, the Court cannot conclude that Plaintiff has stated a plausible 42 U.S.C. § 1983 claim. Plaintiff's Complaint identifies the Jail guard, Defendants' putative employee, as the entity that refused to provide him with a shower mat. Plaintiff has not alleged that Defendants, as municipal entities, established an unconstitutional policy or custom or otherwise directed their employee, the Jail guard, to uniformly or systematically not provide shower mats in contravention of an identifiable constitutional right. Moreover, Plaintiff's Complaint fails to articulate the existence of a custom facilitating a continued, widespread, or persistent pattern of unconstitutional misconduct by Defendants' employees, deliberate indifference, or evidence that any such custom was proximately related to his injures. *See id.* Nor has Plaintiff's Complaint identified any existing policy, attributable to Defendants, that may have caused his accident and injury. *See City of*

5

*Oklahoma City*, 471 U.S. at 824.

Indeed, Plaintiff's Complaint is silent as to Defendants' actual customs and policies. Without satisfying the threshold requirement of identifying which of Defendants' customs or policies are related to his injury, Plaintiff cannot raise an inference that the "municipal policy or custom was the 'moving force [behind] the constitutional violation.'" *Mettler*, 165 F.3d at 1204 (quoting *Monell*, 436 U.S. at 694). As a result, and noting Plaintiff's lack of response to the instant motion, there are no unresolved issues of material fact, and Defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 12(c); *see also Poehl v. Countrywide Home Loans, Inc*., 528 F.2d at 1096.

## IV. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' motion for judgment on the pleadings (ECF No. 6) be **GRANTED**.[1]

DATED: April 23, 2018                                        *s/Franklin L. Noel*
                                                             FRANKLIN L. NOEL
                                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before May 7, 2018, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

1   Because this Court concludes that Defendants are entitled to judgment on the pleadings, it need not address Defendants' remaining arguments.