**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| DANIEL J. KLUDT,<br><br>Plaintiff,<br><br>v.<br><br>AITKIN COUNTY MN and AITKIN COUNTY JAIL,<br><br>Defendants. | Civil No. 17-4774 (JRT/HB)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

Daniel J. Kludt, No. 253705, Minnesota Correctional Facility – Faribault, 1101 Linden Lane, Faribault, MN 55021, *pro se* plaintiff.

Jason M. Hill, **JARDINE, LOGAN & O'BRIEN, PLLP,** 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042, for defendants.

After Plaintiff Daniel Kludt was injured in a shower slip-and-fall, he filed this 42 U.S.C. § 1983 action against Aitkin County, Minnesota, and the Aitkin County Jail (collectively, "Aitkin County"), alleging that a guard's refusal to provide him a shower mat was unconstitutional. Aitkin County removed the case to federal court, answered, and filed a Motion for Judgment on the Pleadings. The Magistrate Judge issued a Report and Recommendation (R&R) that the motion be granted because Kludt failed to state a claim. Kludt objected generally, but – despite the Court granting his request for additional time to file – failed to submit specific objections. Because the R&R is sound, the Court will adopt it, grant Aitkin County's motion, and dismiss Kludt's case.

## BACKGROUND

Kludt was an inmate at the Aitkin County Jail when he sustained injuries to his back and shoulder because he slipped and fell in the shower after a guard denied his request for a shower mat. (Compl. at 4, Oct. 23, 2017, Docket No. 1-1.) Kludt filed this 42 U.S.C. § 1893 action, alleging that the denial of a shower mat violated his Eighth Amendment rights and seeking $50,000 in damages. (*Id.*) Aitkin County answered, (Answer, Oct. 23, 2017, Docket No. 2), and filed a Motion for Judgment on the Pleadings, (Mot. for J. on the Pleadings, Nov. 28, 2017, Docket No. 6). In considering Aitkin County's motion, the Magistrate Judge concluded that Kludt's complaint failed to state a claim and recommended granting judgment on the pleadings. (R&R at 5-6, Apr. 23, 2018, Docket No. 21.) Kludt objected generally to the R&R and requested additional time to file specific objections. (Obj., May 4, 2018, Docket No. 22.) The Court granted Kludt an extension of time to June 22, 2018, (Order, May 24, 2018, Docket No. 27), but Kludt never filed supplemental objections.

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but

merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss pursuant to Rule 12(b)(6). *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). The Court considers all facts alleged in the complaint as true to determine if the complaint states a claim for "relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in their favor. *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

## II. KLUDT'S OBJECTION

Kludt objects generally to the Magistrate Judge's conclusion that his Complaint does not establish a prima facie § 1983 claim against Aitkin County.

"[A] municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)). The lack of a pattern of unconstitutional misconduct effectively ends the court's inquiry. *Thelma D. ex rel. Delores A. v. Bd. of Educ. of St. Louis*, 934 F.2d 929, 932-33 (8th Cir. 1991).

Neither Kludt's complaint nor his objection allege a pattern of unconstitutional misconduct by Aitkin County officials or employees, even after construing the pleadings in the light most favorable to Kludt and drawing all inferences in his favor.  Therefore, though Kludt's injury is regrettable, the Magistrate Judge correctly concluded that his complaint fails to state an actionable claim against Aitkin County.  Because there is no clear error in the R&R, the Court will overrule Kludt's objection, adopt the R&R, grant Aitkin County's Motion for Judgment on the Pleadings, and dismiss this case.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's Objections [Docket No. 22] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 21.]  Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings [Docket No. 6] is **GRANTED** and this action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 10, 2018                  _____s/John R. Tunheim\_\_\_\_ _____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                                         Chief Judge
                                      United States District Court